IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| CHRISTOPHER D. WRIGHT, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. _____ |
| BYRON FINANCIAL, LLC | ) ) | **JURY TRIAL DEMANDED** |
| SERVE AT: | ) ) ) | |
| Registered Agent:<br>William Byron<br>6100 Fairview Road, Suite 1150<br>Charlotte, NC 28210 | ) ) ) ) ) | |
| and | ) ) | |
| WILLIAM BYRON, | ) ) | |
| SERVE AT: | ) ) | |
| 6100 Fairview Road, Suite 1150<br>Charlotte, NC 28210 | ) ) ) | |
| Defendants. | ) ) | |

## PETITION

COMES NOW Christopher D. Wright ("Wright") by and through his attorneys, and states as follows for his Petition against Defendant Byron Financial, LLC ("Byron Financial") and William Byron ("Bill Byron"):

1. Wright is individual who resides in St. Louis County Missouri.

2. On information and belief, Byron Financial is a Limited Liability Company organized under the laws of the State of North Carolina with its principal place of business in Charlotte, North Carolina.

3. On information and belief, Bill Byron is an individual who resides in Charlotte, North Carolina, and is the manager and only equity interest holder in Byron Financial.

4. On or around January 12, 2013, Wright and Byron Financial entered an Employment Agreement ("the Agreement"). A true and correct copy of the Employment Agreement is attached hereto as Exhibit 1.

5. Pursuant to the Agreement, Wright was to sell insurance for Byron Financial, and Byron Financial was to provide certain support services to Wright to support Wright in the sale of the same. See Exhibit A to the Agreement.

6. Pursuant to the Agreement, Wright and Byron Financial were to split the commissions for transactions generated by Wright in certain percentages, and Byron Financial was to pay Wright his share of the commissions, every two weeks in accordance with Byron Financial's standard payroll/commission payment policy. See the Agreement at paragraph 3(a) and 3(c).

7. Byron Financial breached the Agreement by failing to adequately provide Wright certain support services listed on Exhibit A of the Agreement, including by way of example, but not limitation, the services listed under Marketing Resources of Exhibit A and case design services.

8. Byron Financial breached the Agreement by failing to pay Wright his share of the commissions under the Agreement, and in fact, Byron Financial has never paid Wright any commissions, and instead, has simply sat on Wright's commissions, despite receiving the same from the underlying insurance carriers and other commission paying entities.

9. The Agreement was terminated on September 17, 2013.

10. After the Agreement was terminated, Byron Financial and Bill Byron have committed and continue to commit further breaches of the Agreement and tortious actions as described below.

11. Byron Financial, with the knowledge and participation of Bill Byron, has refused to release to Wright the files and information of Wright's clients, which has hindered Wright's ability to sell insurance to the clients he originated while employed by Byron Financial. Byron Financial and Bill Byron have taken these actions, despite Section 5(b) of the Agreement which allows Wright, after termination, to among other things, "take with him" the clients Wright generated.

12. In addition, since termination of the Agreement, Byron Financial, with the knowledge and participation of Bill Byron, has refused to pay Wright any commissions, and instead has simply "sat" on the commissions, despite receiving the same from the underlying insurance carriers and other commission paying entities.

13. The Court has personal jurisdiction of the Defendants pursuant to Mo. Rev. Stat. § 506.500 in that Defendants have transacted business within the state, committed tortious acts within the state and have made a contract within the state and the causes of action arise from the above contacts as described above and below.

14. The venue in this instant cause is proper in the Circuit Court of St. Louis County pursuant to Mo. Rev. Stat. § 508.010 in that the Petition alleges a tort and the Plaintiff was first injured in St. Louis County and, alternatively, because all Defendants are non-residents of the State of Missouri.

## COUNT I
### (Breach of Contract Against Byron Financial)

15. Wright incorporates by reference all of the preceding paragraphs of this Petition as if fully set forth herein.

16. The Agreement constituted a valid contract between Wright and Byron Financial, including an offer, acceptance, and consideration.

17. The terms of the Agreement were definite and certain.

18. Wright has performed all of the obligations and conditions required of him under the Agreement.

19. Byron Financial has breached the Agreement by, among other things, failing to provide support services under the Agreement, failing to pay commissions due under the Agreement, and failing to release Wright's client's files and other information to Wright.

20. As a direct and proximate result of Byron Financial's breach of contract, Wright has suffered substantial damage in an amount to be proven at trial.

WHEREFORE Wright respectfully requests that the Court enter a judgment in his favor in a sum to be proven at trial, but which is in excess of $25,000.00, plus applicable costs and interest, or any other relief this Court deems just and proper.

## COUNT II
### (Tortious Interference With An Expected Business Relationship Against Byron Financial)

21. Wright incorporates by reference all of the preceding paragraphs of this Petition as if fully set forth herein.

22. Wright had a reasonable expectation of entering into valid business relationships with certain clients for the sale of insurance to those clients.

23. Byron Financial knew of Wright's expectancy.

24. Byron Financial purposely interfered with Wright's expectancy by refusing to release Wright's client's files and other information as described above.

25. The acts of Byron Financial described above were not in the legitimate exercise of their rights, but designed to injure Wright.

26. As a direct a proximate result of Byron Financial's actions, Wright has suffered substantial damage in an amount to be proven at trial.

WHEREFORE, Wright respectfully requests that the Court enter a judgment in his favor in a sum to be proven at trial, but which is in excess of $25,000.00, plus applicable costs and interest, or any other relief this Court deems just and proper.

## COUNT III
**(Tortious Interference With An Expected Business Relationship Against Bill Byron)**

27. Wright incorporates by reference all of the preceding paragraphs of this Petition as if fully set forth herein.

28. Wright had a reasonable expectation of entering into valid business relationships with certain clients for the sale of insurance to those clients.

29. Bill Byron knew of Wright's expectancy.

30. Bill Byron purposely interfered with Wright's expectancy by refusing to release Wright's client's files and other information as described above.

31. The acts of Bill Byron described above were not in the legitimate exercise of their rights, but designed to injure Wright.

32. As a direct a proximate result of Bill Byron's actions, Wright has suffered substantial damage in an amount to be proven at trial.

WHEREFORE, Wright respectfully requests that the Court enter a judgment in his favor in a sum to be proven at trial, but which is in excess of $25,000.00, plus applicable costs and interest, or any other relief this Court deems just and proper.

## COUNT IV
### (Conversion Against Byron Financial)

33. Wright incorporates by reference all of the preceding paragraphs of this Petition as fully set forth herein.

34. Wright is the owner of his share of the commissions under the Agreement.

35. Byron Financial took possession of the commissions with intent to exercise some control over them.

36. Byron Financial thereby deprived Wright of the right to possession of said commissions.

37. As a direct a proximate result of the Byron Financial's conversion, Wright has suffered substantial damage in an amount to be proven at trial.

WHEREFORE, Wright respectfully requests that the Court enter a judgment in his favor in a sum to be proven at trial, but which is in excess of $25,000.00, plus applicable costs and interest, or any other relief this Court deems just and proper.

## COUNT V
### (Conversion Against Bill Byron)

38. Wright incorporates by reference all of the preceding paragraphs of this Petition as fully set forth herein.

39. Wright is the owner of his share of the commissions under the Agreement.

40. Bill Byron took possession of the commissions with intent to exercise some control over them.

41. Bill Byron thereby deprived Wright of the right to possession of said commissions.

42. As a direct a proximate result of Bill Byron's conversion, Wright has suffered substantial damage in an amount to be proven at trial.

WHEREFORE, Wright respectfully requests that the Court enter a judgment in his favor in a sum to be proven at trial, but which is in excess of $25,000.00, plus applicable costs and interest, or any other relief this Court deems just and proper.

## COUNT VI
### (Declaratory Judgment Against Byron Financial)

43. Wright incorporates by reference all of the preceding paragraphs of this Petition as if fully set forth herein.

44. The Agreement states that for a period of two years after Wright's termination, Byron Financial is entitled to 15% of any commissions earned for any of Wright's cases/clients that were "pending" on the date of Wright's termination, and the Agreement further defines a "pending" case as one for which Byron Financial placed "substantial design and preparation efforts." See the Agreement at ¶ 3(b).

45. Byron Financial claims that it placed substantial design and preparation efforts into 94 such cases, and thus contends, if such matters are closed and a commission is paid within two years of September 17, 2013, Byron Financial is entitled to 15% of said commission. A list of the cases which Byron Financial claims were pending prior to the termination of Wrights employment, i.e., were cases in which Byron Financial had placed substantial design and preparation efforts, is attached as Exhibit 2.

46. Wright disputes that Byron Financial placed substantial design and preparation efforts in said matters and furthermore Wright asserts that Byron Financial's other breaches of

7

the Agreement as described above negate Byron Financial's claim for post-termination commissions.

47. Under Missouri Revised Statute 527.010 et. seq. and North Carolina Statute N.C. General Statute § 1-253 et. seq. (the Agreement contains a choice of North Carolina law provision), when there is a justiciable controversy between the parties regarding a contract, the Court has the power to declare the rights, status, legal relations, and obligations of the parties to a contract.

48. Declaring the rights, status, legal relations, and obligations between Wright and Byron Financial will clarify and settle the rights, status, legal relations, and obligations at issue, and terminate and afford relief from uncertainty, insecurity and controversy giving rise to this proceeding.

49. Wright requests that the Court order the following declaration:

Byron Financial is not entitled to any commissions for any cases listed on Exhibit 2 of the Petition.

WHEREFORE, Wright respectfully requests that the Court enter the declaration stated above, and award any applicable costs and any other relief this Court deems just and proper.

Respectfully submitted,

BYRON CARLSON PETRI & KALB, LLC

By: _____
Christopher J. Petri, #47858
411 St. Louis Street
Edwardsville, IL 62025
Phone: 618.655.0600
Fax: 618.655.4004