**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CHRISTOPHER D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  14-CV-00996-NNC |
| | ) | |
| BYRON FINANCIAL, LLC, and | ) | **JURY TRIAL DEMANDED** |
| WILLIAM BYRON, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT ANSWER TO AMENDED PETITION

COME NOW Defendants Byron Financial, LLC and William Byron, by and through their attorneys, and for their Joint Answer to Plaintiff's Amended Petition state to the Court as follows:

1.     Wright is individual who resides in St. Louis County Missouri.

**RESPONSE:**     Defendants are without sufficient information to form a belief as to the truth of this allegation and therefore deny same.

2.     On information and belief, Byron Financial is a Limited Liability Company organized under the laws of the State of North Carolina with its principal place of business in Charlotte, North Carolina.

**RESPONSE:**     Defendants admit the allegations contained in paragraph 2 of Plaintiff's Amended Petition.

3.     On information and belief, Bill Byron is an individual who resides in Charlotte, North Carolina, and is the manager and only equity interest holder in Byron Financial.

**RESPONSE:** William Byron is an adult citizen and resident of Mecklenburg County, North Carolina and is the sole member/manager of Byron Financial, LLC. Except as expressly admitted herein, the allegations in paragraph 3 of Plaintiff's Amended Petition are denied.

4.     On or around January 12, 2013, Wright and Byron Financial entered an Employment Agreement ("the Agreement").  A true and correct copy of the Employment Agreement is attached hereto as Exhibit 1.

**RESPONSE:** The Employment Agreement is a writing and is the best evidence of its content. To the extent the allegations of paragraph 4 differ from or contradict the writing, they are denied. Moreover, Defendants admit that a document identified as Exhibit 1 is attached to Plaintiff's Amended Petition.

5.     Pursuant to the Agreement, Wright was to sell insurance for Byron Financial, and Byron Financial was to provide certain support services to Wright to support Wright in the sale of the same.  See Exhibit A to the Agreement.

**RESPONSE:** The Employment Agreement is a writing and is the best evidence of its content. To the extent the allegations of paragraph 5 differ from or contradict the writing, they are denied.

6.     Pursuant to the Agreement, Wright and Byron Financial were to split the commissions for transactions generated by Wright in certain percentages, and Byron Financial was to pay Wright his share of the commissions, every two weeks in accordance with Byron Financial's standard payroll/commission payment policy.  See the Agreement at paragraph 3(a) and 3(c).

**RESPONSE:** The Employment Agreement is a writing and is the best evidence of its content. To the extent the allegations of paragraph 6 differ from or contradict the writing, they are denied.

7.     Byron Financial breached the Agreement by failing to adequately provide Wright certain support services listed on Exhibit A of the Agreement, including by way of example, but not limitation, the services listed under Marketing Resources of Exhibit A and case design services.

**RESPONSE:** Defendants deny the allegations contained in paragraph 7 of Plaintiff's Amended Petition.

8.     Byron Financial breached the Agreement by failing to pay Wright his share of the commissions under the Agreement, and in fact, Byron Financial has never paid Wright any commissions, and instead, has simply sat on Wright's commissions, despite receiving the same from the underlying insurance carriers and other commission paying entities.

**RESPONSE:** Defendants deny the allegations contained in paragraph 8 of Plaintiff's Amended Petition.

9.     The Agreement was terminated on September 17, 2013.

**RESPONSE:** It is admitted that the parties mutually terminated the Employment Agreement on September 17, 2013. Except as expressly admitted, the allegations contained in paragraph 9 of Plaintiff's Amended Petition are denied.

10.     After the Agreement was terminated, Byron Financial and Bill Byron have committed and continue to commit further breaches of the Agreement and tortious actions as described below.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 10 of Plaintiff's Amended Petition.


11.     Byron Financial, with the knowledge and participation of Bill Byron, has refused to release to Wright the files and information of Wright's clients, which has hindered Wright's ability to sell insurance to the clients he originated while employed by Byron Financial.   Byron Financial and Bill Byron have taken these actions, despite Section 5(b) of the Agreement which allows Wright, after termination, to among other things, "take with him" the clients Wright generated.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 11 of Plaintiff's Amended Petition.


12.     In addition, since termination of the Agreement, Byron Financial, with the knowledge and participation of Bill Byron, has refused to pay Wright any commissions, and instead has simply "sat" on the commissions, despite receiving the same from the underlying insurance carriers and other commission paying entities.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 12 of Plaintiff's Amended Petition.

13.     The Court has personal jurisdiction of the Defendants pursuant to Mo. Rev. Stat. § 506.500 in that Defendants have transacted business within the state, committed tortious acts within the state and have made a contract within the state and the causes of action arise from the above contacts as described above and below.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 13 of Plaintiff's Amended Petition.


14.     The venue in this instant cause is proper in the Circuit Court of St. Louis County pursuant to Mo. Rev. Stat. § 508.010 in that the Petition alleges a tort and the Plaintiff was first injured in St. Louis County and, alternatively, because all Defendants are non-residents of the State of Missouri.

**RESPONSE:**     Defendants admit that they are non-residents of the State of Missouri and are residents of the State of North Carolina.  Defendants deny the remaining allegations contained in paragraph 14 of Plaintiff's Amended Petition.

## COUNT I
### (Breach of Contract Against Byron Financial)

15.     Wright incorporates by reference all of the preceding paragraphs of this Petition as if fully set forth herein.

**RESPONSE:**     Defendants hereby reallege and incorporate herein by reference as if fully set forth herein their answers to paragraphs 1 through 14 above.


16.     The Agreement constituted a valid contract between Wright and Byron Financial, including an offer, acceptance, and consideration.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 16 of Plaintiff's Amended Petition.


17.     The terms of the Agreement were definite and certain.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 17 of Plaintiff's Amended Petition.


18.     Wright has performed all of the obligations and conditions required of him under the Agreement.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 18 of Plaintiff's Amended Petition.


19.     Byron Financial has breached the Agreement by, among other things, failing to provide support services under the Agreement, failing to pay commissions due under the Agreement, and failing to release Wright's client's files and other information to Wright.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 19 of Plaintiff's Amended Petition.


20.     As a direct and proximate result of Byron Financial's breach of contract, Wright has suffered substantial damage in an amount to be proven at trial.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 20 of Plaintiff's Amended Petition.

WHEREFORE, having answered Count I of Plaintiff's Amended Petition, Defendants pray they be dismissed and for costs and for such further and other relief as this Court deems just and proper.

## COUNT II
### (Tortious Interference With An Expected Business Relationship Against Byron Financial)

21.     Wright incorporates by reference all of the preceding paragraphs of this Petition as if fully set forth herein.

**RESPONSE:**     Defendants hereby reallege and incorporate herein by reference as if fully set forth herein their answers to paragraphs 1 through 20 above.


22.     Wright had a reasonable expectation of entering into valid business relationships with certain clients for the sale of insurance to those clients.

**RESPONSE:**     Defendants are without sufficient information to form a belief as to whether Plaintiff (a) has expectation of entering into valid business relationships or (b) whether such expectations are "reasonable."     Therefore, Defendants deny the allegations contained in paragraph 22 of Plaintiff's Amended Petition.


23.     Byron Financial knew of Wright's expectancy.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 23 of Plaintiff's Amended Petition.


24.     Byron Financial purposely interfered with Wright's expectancy by refusing to release Wright's client's files and other information as described above.

**RESPONSE:** Defendants deny the allegations contained in paragraph 24 of Plaintiff's Amended Petition.

25. The acts of Byron Financial described above were not in the legitimate exercise of their rights, but designed to injure Wright.

**RESPONSE:** Defendants deny the allegations contained in paragraph 25 of Plaintiff's Amended Petition.

26. As a direct a proximate result of Byron Financial's actions, Wright has suffered substantial damage in an amount to be proven at trial.

**RESPONSE:** Defendants deny the allegations contained in paragraph 26 of Plaintiff's Amended Petition.

WHEREFORE, having answered Count II of Plaintiff's Amended Petition, Defendants pray they be dismissed and for costs and for such further and other relief as this Court deems just and proper.

### COUNT III
### (Tortious Interference With An Expected Business Relationship Against Bill Byron)

27. Wright incorporates by reference all of the preceding paragraphs of this Petition as if fully set forth herein.

**RESPONSE:** Defendants hereby reallege and incorporate herein by reference as if fully set forth herein their answers to paragraphs 1 through 26 above.

28.    Wright had a reasonable expectation of entering into valid business relationships with certain clients for the sale of insurance to those clients.

**<u>RESPONSE:</u>**    Defendants are without sufficient information to form a belief as to whether Plaintiff (a) has expectation of entering into valid business relationships or (b) whether such expectations are "reasonable."    Therefore, Defendants deny the allegations contained in paragraph 28 of Plaintiff's Amended Petition.

29.    Bill Byron knew of Wright's expectancy.

**<u>RESPONSE:</u>**    Defendants deny the allegations contained in paragraph 29 of Plaintiff's Amended Petition.

30.    Bill Byron purposely interfered with Wright's expectancy by refusing to release Wright's client's files and other information as described above.

**<u>RESPONSE:</u>**    Defendants deny the allegations contained in paragraph 30 of Plaintiff's Amended Petition.

31.    The acts of Bill Byron described above were not in the legitimate exercise of their rights, but designed to injure Wright.

**<u>RESPONSE:</u>**    Defendants deny the allegations contained in paragraph 31 of Plaintiff's Amended Petition.

32.    As a direct a proximate result of Bill Byron's actions, Wright has suffered substantial damage in an amount to be proven at trial.

**RESPONSE:**       Defendants deny the allegations contained in paragraph 32 of Plaintiff's Amended Petition.

WHEREFORE, having answered Count III of Plaintiff's Amended Petition, Defendants pray they be dismissed and for costs and for such further and other relief as this Court deems just and proper.

## COUNT IV
### (Conversion Against Byron Financial)

33.     Wright incorporates by reference all of the preceding paragraphs of this Petition as fully set forth herein.

**RESPONSE:**       Defendants hereby reallege and incorporate herein by reference as if fully set forth herein their answers to paragraphs 1 through 32 above.

34.     Wright is the owner of his share of the commissions under the Agreement.

**RESPONSE:**       Defendants deny the allegations contained in paragraph 34 of Plaintiff's Amended Petition.

35.     Byron Financial took possession of the commissions with intent to exercise some control over them.

**RESPONSE:**       Defendants deny the allegations contained in paragraph 35 of Plaintiff's Amended Petition.

36.     Byron Financial thereby deprived Wright of the right to possession of said commissions.

**RESPONSE:** Defendants deny the allegations contained in paragraph 36 of Plaintiff's Amended Petition.

37. As a direct a proximate result of the Byron Financial's conversion, Wright has suffered substantial damage in an amount to be proven at trial.

**RESPONSE:** Defendants deny the allegations contained in paragraph 37 of Plaintiff's Amended Petition.

WHEREFORE, having answered Count IV of Plaintiff's Amended Petition, Defendants pray they be dismissed and for costs and for such further and other relief as this Court deems just and proper.

## COUNT V
### (Conversion Against Bill Byron)

38. Wright incorporates by reference all of the preceding paragraphs of this Petition as fully set forth herein.

**RESPONSE:** Defendants hereby reallege and incorporate herein by reference as if fully set forth herein their answers to paragraphs 1 through 37 above.

39. Wright is the owner of his share of the commissions under the Agreement.

**RESPONSE:** Defendants deny the allegations contained in paragraph 39 of Plaintiff's Amended Petition.

40. Bill Byron took possession of the commissions with intent to exercise some control over them.

**RESPONSE:** Defendants deny the allegations contained in paragraph 40 of Plaintiff's Amended Petition.


41. Bill Byron thereby deprived Wright of the right to possession of said commissions.

**RESPONSE:** Defendants deny the allegations contained in paragraph 41 of Plaintiff's Amended Petition.


42. As a direct a proximate result of Bill Byron's conversion, Wright has suffered substantial damage in an amount to be proven at trial.

**RESPONSE:** Defendants deny the allegations contained in paragraph 42 of Plaintiff's Amended Petition.


WHEREFORE, having answered Count V of Plaintiff's Amended Petition, Defendants pray they be dismissed and for costs and for such further and other relief as this Court deems just and proper.


## COUNT VI
### (Declaratory Judgment Against Byron Financial)

43. Wright incorporates by reference all of the preceding paragraphs of this Petition as if fully set forth herein.

**RESPONSE:** Defendants hereby reallege and incorporate herein by reference as if fully set forth herein their answers to paragraphs 1 through 42 above.

44.     The Agreement states that for a period of two years after Wright's termination, Byron Financial is entitled to 15% of any commissions earned for any of Wright's cases/clients that were "pending" on the date of Wright's termination, and the Agreement further defines a "pending" case as one for which Byron Financial "has performed any of the services on Exhibit A [of the Agreement] prior to termination of Employment." See the Agreement at ¶ 3(b).

**RESPONSE:**     The allegations of paragraph 44 specifically refer to a writing and it is the best evidence of its content. To the extent the allegations of paragraph 44 differ from or contradict the writing, they are denied.


45.     Byron Financial claims that 94 cases were "pending" at the time of the termination of Wright's employment, and thus contends, if such matters are closed and a commission is paid within two years of September 17, 2013, Byron Financial is entitled to 15% of said commission. A list of the cases which Byron Financial claims were pending prior to the termination of Wrights employment is attached as Exhibit 2.

**RESPONSE:**     Defendants admit a document identified as Exhibit 2 is attached to Plaintiff's Amended Petition. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 45 of Plaintiff's Amended Petition.


46.     Wright disputes that all 94 cases were "pending" at the time of termination and furthermore Wright asserts that Byron Financial's other breaches of the Agreement as described above negate Byron Financial's claim for post-termination commissions.

**RESPONSE:**     Defendants deny the allegations contained in paragraph 46 of Plaintiff's Amended Petition.

47. Under Missouri Revised Statute 527.010 et. seq. and North Carolina Statute N.C. General Statute § 1-253 et. seq. (the Agreement contains a choice of North Carolina law provision), when there is a justiciable controversy between the parties regarding a contract, the Court has the power to declare the rights, status, legal relations, and obligations of the parties to a contract.

**RESPONSE:** Defendants make no answer to the allegations contained in paragraph 47 of Plaintiff's Amended Petition because they state a conclusion of law. Should the Court determine that a response is required, Defendants deny the allegations contained in paragraph 47 of Plaintiff's Amended Petition.

48. Declaring the rights, status, legal relations, and obligations between Wright and Byron Financial will clarify and settle the rights, status, legal relations, and obligations at issue, and terminate and afford relief from uncertainty, insecurity and controversy giving rise to this proceeding.

**RESPONSE:** Defendants deny the allegations contained in paragraph 48 of Plaintiff's Amended Petition.

49. Wright requests that the Court order the following declaration:

Byron Financial is not entitled to any commissions for any cases listed on Exhibit 2 of the Petition.

**RESPONSE:** Defendants deny the allegations contained in paragraph 49 of Plaintiff's Amended Petition.

WHEREFORE, having answered Count VI of Plaintiff's Amended Petition, Defendants pray they be dismissed and for costs and for such further and other relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

FURTHERMORE and for these Defendants' Affirmative Defenses, Defendants state:

1.      Plaintiff's claims are barred as a matter of law and subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and *in pari delicto*. Specifically, Plaintiff is estopped from claiming damages for Defendant Byron Financial, LLC's alleged breach of contract (which allegations are denied) because Plaintiff circumvented the typical commission payment process agreed to among the parties and directed insurers through whom Plaintiff placed policies to send commission payments directly to Plaintiff. Moreover, under the terms of the Employment Agreement at issue, Plaintiff agreed to continue paying Defendant Byron Financial, LLC commission for two (2) years on all "Cases that are Pending on the date of termination [of employment.]" Defendant Byron Financial, LLC is informed and believes that Plaintiff has failed to pay commission due on the aforementioned pending cases.

3.      Plaintiff's claims are barred in whole or in part by Plaintiff's breach of certain conditions precedent to Defendant Byron Financial, LLC's obligation to perform under the contract at issue. Specifically, Plaintiff circumvented and illicitly changed the commission payment procedures agreed to by the parties and directed insurers through whom Plaintiff placed policies to send commission payments directly to Plaintiff and refuses to remit payments for "pending cases" as required by the Employment Agreement's express terms.

4.      Plaintiff's claims for damages are barred in whole or in part based upon the setoff of commissions wrongfully procured by Plaintiff, all or a portion of which are due and owing Defendant Byron Financial, LLC.

5.      Plaintiff's claims are barred by the applicable statutes of limitations.

6.      Plaintiff's claims are barred by the doctrines of estoppel, unclean hands, laches and/or waiver.

7.      Plaintiff's claims are barred based on the affirmative defense of accord and satisfaction.

8.      Plaintiff's own conduct, as well as other conduct and events, contributed in whole or in part to Plaintiff's alleged damages.

9.      Plaintiff is not entitled to damages because Plaintiff has failed to mitigate his damages.

10.     Plaintiff's claims are barred by the doctrines of Res Judicata and Collateral Estoppel.

11.     Defendants reserve the right to assert further and additional affirmative defenses they may discover during the pendency of this case.

## DEFENDANT/COUNTERCLAIM PLAINTIFF BYRON FINANCIAL LLC'S COUNTERCLAIM

COMES NOW Defendant/Counterclaim Plaintiff Byron Financial LLC, by and through counsel, and for its Counterclaim against Plaintiff/Counterclaim Defendant Christopher Wright states to this Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Byron Financial, LLC ("Byron Financial") is a North Carolina limited liability company with a principal place of business being in Mecklenburg County.

2.      Byron Financial is informed and believes Defendant Christopher D. Wright ("Wright") is an adult citizen and resident of St. Louis County, Missouri.

3.      Byron Financial and Defendant Wright may be collectively referred to herein as the "Parties."

4.      Plaintiff is informed and believes that jurisdiction is proper pursuant to 28 USC § 1332 because the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the Parties are domiciled in different states.

5.      Venue is proper in this district pursuant to 28 USC § 1391.

## FACTUAL ALLEGATIONS

6.      On or about February 1, 2013, Byron Financial entered into a contractual agreement with Defendant Wright entitled "Employment Agreement." The Employment Agreement is attached to Plaintiff's Amended Petition as Exhibit 1 and is incorporated by reference as if fully set forth herein.

7.      The Parties proceeded in accordance with the terms of the Employment Agreement through September 17, 2013 at which time they mutually agreed to terminate the Employment Agreement.

8.      The Termination Letter and its Exhibits are attached hereto as Counterclaim Exhibit A and are incorporated by reference as if fully set forth herein.

9.      Pursuant to the Employment Agreement, Byron Financial is entitled to certain commissions on all cases originated during the term of the Employment Agreement, both during the term of the Employment Agreement and for a period of two (2) years thereafter (hereinafter "the Tail Period").

10.     Since the date of the Termination Letter, Defendant Wright has failed and refused to honor the continuing obligations of the Employment Agreement, including obligations during the Tail Period.  Among other things:

   a.   Wright has directed third party providers to send payments to him, personally, or others acting in concert with him, thereby depriving Byron Financial of its contractually mandated commissions;

   b.   Wright has failed and refused to provide information to Byron Financial regarding commissions properly owing to Byron Financial; and

   c.   Wright has solicited the employment services of at least one (1) employee of Byron Financial.

11.     The aforementioned acts constitute a breach of the Employment Agreement, which has resulted in damages to Byron Financial.

## COUNT I

### (Breach of Contract)

12.     Byron Financial hereby realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 11 of its Counterclaim.

13.     The Employment Agreement was supported by good and valuable consideration.

14.     As described above, Wright has breached the terms of the Employment Agreement to wit:

   a.   Wright has directed third party providers to send payments to him, personally, thereby depriving Byron Financial of its contractually mandated commissions;

   b.   Wright has failed and refused to provide information to Byron Financial regarding commissions properly owing to Byron Financial; and

      c.   Wright has solicited the employment services of at least one (1) employee of Byron Financial.

15.     Wright's breach has caused and shall continue to cause damage to Byron Financial.

16.     Byron Financial is entitled to monetary relief arising from those aforementioned breaches of Wright in an amount in excess of Seventy-Five Thousand and 0/100 Dollars ($75,000.00) exclusive of costs and interest to be determined by a jury.

17.     Byron Financial is additionally entitled to costs and fees, as may be awarded.

WHEREFORE Defendant/Counterclaim Plaintiff Byron Financial prays this Court: 1) award Byron Financial damages for Christopher D. Wright's breach of contract in an amount to be proven at trial, but believed to be in excess of $75,000.00 exclusive of interest and costs; 2) award Byron Financial damages for Christopher D. Wright's breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial, but believed to be in excess of $75,000.00 exclusive of interest and costs; 3) tax all costs of this action against Christopher D. Wright; 4) trial by jury; and 5) any and all other relief the Court deems just and proper.

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

18.     Byron Financial realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 17 of this Counterclaim.

19.     There exists in every contract, such as the Employment Agreement, an implied covenant of good faith and fair dealing.

20.     Wright has breached the covenant of good faith and fair dealing implied in the Employment Agreement in at least the following respects:

a. Wright has directed third party providers to send payments to him, personally, thereby depriving Byron Financial of its contractually mandated commissions;

b. Wright has failed and refused to provide information to Byron Financial regarding commissions properly owing to Byron Financial; and

c. Wright has solicited the employment services of at least one (1) employee of Byron Financial.

21.     The actions of Wright were outrageous and done with reckless indifference to the rights of Byron Financial warranting an award of punitive damages in a fair and reasonable amount sufficient to punish and deter Wright and others similarly situated from engaging in such conduct.

22.     As a direct and proximate result of Wright's bad faith and breach of the covenant of good faith and fair dealing, Bryon Financial is entitled to damages in an amount to be proven at trial but believed to be in excess of $75,000.00.

WHEREFORE Defendant/Counterclaim Plaintiff Byron Financial prays this Court: 1) award Byron Financial damages for Christopher D. Wright's breach of contract in an amount to be proven at trial, but believed to be in excess of $75,000.00 exclusive of interest and costs; 2) award Byron Financial damages for Christopher D. Wright's breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial, but believed to be in excess of $75,000.00 exclusive of interest and costs; 3) award Byron Financial punitive damages; 4) tax all costs of this action against Christopher D. Wright; 5) trial by jury; and 6) any and all other relief the Court deems just and proper.

## COUNT III
### (Tortious Interference With A Business Expectancy)

23. Byron Financial hereby realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 22 of this Counterclaim.

24. Byron Financial had valid business relationships and valid business expectancies with its clients and others who do business with Byron Financial.

25. Christopher Wright knew of Byron Financial's valid business relationships and expectancies with its customers and others with whom it does business.

26. Upon information and belief, Christopher Wright intentionally interfered with Byron Financial's valid business relationships and expectancies by contacting Byron Financial's clients and others with whom it does business for the purpose of unlawfully inducing them to stop doing business with Byron Financial and to direct their business to Christopher Wright.

27. Christopher Wright acted without justification.

28. Byron Financial has suffered damages as a result of Christopher Wright's conduct.

29. Christopher Wright's conduct was outrageous and showed a reckless indifference to the rights of Byron Financial warranting punitive damages to deter Christopher Wright and others similarly situated from engaging in such outrageous and reckless conduct.

WHEREFORE, Defendant/Counterclaim Plaintiff Byron Financial prays this Court: 1) award Byron Financial damages for Christopher Wright's tortious interference with its business relationships and expectancies in an amount to be proven at trial, but believed to be in excess of $75,000.00 exclusive of interest and costs; 2) award Byron Financial punitive damages; 3) tax all costs of this action against Christopher Wright; 4) for trial by jury; and 5) for any and all other relief this Court deems just and proper.

## COUNT IV
### (Conversion)

30.     Byron Financial hereby realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 29 of this Counterclaim.

31.     Byron Financial is the owner of a percentage of commissions pursuant to the Employment Agreement.

32.     Christopher Wright has taken possession of the commissions owned by Byron Financial with the intent to exercise control over the commissions for his own use.

33.     By taking possession of the commissions owned by Byron Financial, Christopher Wright has deprived Byron Financial of its right to possess its commissions.

34.     The actions of Christopher Wright were outrageous and done with reckless indifference to the rights of Byron Financial warranting an award of punitive damages in a fair and reasonable amount sufficient to punish and deter Christopher Wright and others similarly situated from engaging in such conduct.

35.     As a direct and proximate result of Christopher Wright's conversion, Byron Financial has suffered substantial damage.

WHEREFORE, Byron Financial prays this Court: 1) award Byron Financial damages against Christopher Wright to be proven at trial, but believed to be in excess of $75,000 exclusive of interest and costs; 2) award Byron Financial punitive damages; 3) tax all costs of this action against Christopher Wright; 4) for trial by jury; and 5) for any and all other relief as this Court deems just and proper.

## COUNT V
### (Fraud)

36.     Byron Financial hereby alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 35 of this Counterclaim.

37.     Byron Financial agreed to employ Christopher Wright and entered into an employment contract with Christopher Wright based on Christopher Wright's representation to Byron Financial that he would share a portion of all commissions earned while employed with Byron Financial and for a period of two years after termination of his employment.

38.     The statement by Christopher Wright that he would share a portion of all commissions earned while employed by Byron Financial and for the two years following his employment was false.

39.     Christopher Wright's statement that he would agree to share a portion of all commissions earned was material to Byron Financial employing Christopher Wright and entering into the employment agreement.

40.     Christopher Wright knew his statements regarding the commissions were false.

41.     Christopher Wright intended Byron Financial act on his statements regarding commissions and he contemplated that his statements would cause Byron Financial to employ him and enter into the employment agreement.

42.     Byron Financial had no knowledge that Christopher Wright's statements were false.

43.     Byron Financial relied on the representations made by Christopher Wright in employing him and entering into the employment agreement.

44.     Byron Financial had a right to rely on Christopher Wright's representations regarding commissions.

45.     The actions of Christopher Wright were outrageous and done with reckless indifference to the rights of Byron Financial warranting an award of punitive damages in a fair and reasonable amount sufficient to punish and deter Christopher Wright and others similarly situated from engaging in such conduct.

46.     Byron Financial has suffered damages as a proximate result of the fraudulent conduct of Christopher Wright.

WHEREFORE, Byron Financial prays this Court: 1) award Byron Financial damages against Christopher Wright to be proven at trial, but believed to be in excess of $75,000 exclusive of interest and costs; 2) award Byron Financial punitive damages; 3) tax all costs of this action against Christopher Wright; 4) for trial by jury; and 5) for any and all other relief this Court deems just and proper.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:     /s/ Andrew J. Martone
        Andrew J. Martone, # 37382
        Lori A. Schmidt, #45561
        1650 Des Peres Road
        Suite 200
        St. Louis, MO  63131
        (314) 862-0300 – Telephone
        (314) 862-7010 – Facsimile
        andymartone@hessemartone.com
        lorischmidt@hessemartone.com

        *Attorneys for Defendants and*
        *Counterclaim Plaintiff Byron Financial, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of June, 2014, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will be served electronically by the Court to the following:

Christopher J. Petri
Byron Carlson Petri & Kalb, LLC
411 St. Louis Street
Edwardsville, IL  62025
cjp@BCPKLaw.com

*Attorneys for Plaintiff/Counterclaim*
*Defendant Christopher D. Wright*

/s/ Andrew J. Martone